UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND; TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND; THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK; and THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br><br>Petitioners,<br><br>-v.-<br><br>INNOVATION DESIGNS INC.,<br><br>Respondent. | 21 Civ. 2801 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds"); and the New York City District Council of Carpenters (the "Union") have filed this motion for summary judgment on their petition (the "Petition") to confirm a January 8, 2021 arbitral award (the "Award") against Respondent Innovation Designs Inc., pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), *as amended*, 29 U.S.C. § 185.  In addition to seeking confirmation of the Award, Petitioners also seek (i) pre- and post-judgment on the Award; (ii) an Order

directing Respondent to produce any and all books and records related to Petitioners' proposed audit period; and (iii) attorneys' fees and costs incurred in pursuing the Award's confirmation. Respondent has not opposed the Petition or the summary judgment motion, nor has it otherwise appeared in this action. For the reasons set forth below, the Court grants Petitioners' motion.

## BACKGROUND[1]

### A.   Factual Background

Respondent and the Union are parties to an Independent Building Construction Agreement (the "CBA"), pursuant to which Respondent is required to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union. (Pet. 56.1 ¶¶ 6-13; *see also* 2011-2015 CBA, Art. XV, § 1; 2017-2024 CBA, Art. XV, § 1). The CBA also provides that Respondent must furnish its books and payroll records upon request by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. (Pet. 56.1 ¶ 14).

In the event of a dispute or disagreement between the parties, the CBA permits either party to initiate arbitration proceedings before a designated arbitrator. (Pet. 56.1 ¶ 16). If the arbitrator finds in favor of the Funds in a

---

[1]   The facts in this Opinion are drawn from the Petition ("Pet." (Dkt. #1)); the Declaration of William Davidian ("Davidian Decl." (Dkt. #12)) and exhibits appended thereto, including (i) the 2011-2015 Collective Bargaining Agreement (the "2011-2015 CBA" (*id.*, Ex. A)); (ii) the 2017-2024 Collective Bargaining Agreement (the "2017-2024 CBA" (*id.*, Ex. E)); and (iii) the January 8, 2021 Opinion and Default Award of Arbitrator (the "Arbitrator's Opinion" (*id.*, Ex. H)); the Declaration of Adrianna R. Grancio ("Grancio Decl." (Dkt. #13)); the Award (Dkt. #1-8); and Petitioners' Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #15)). Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein.

2

dispute regarding delinquent contributions, the CBA empowers the arbitrator to award interest, liquidated damages, and costs. (*Id.* at ¶ 18).

The CBA also binds the parties to the Funds' Collection Policy, which provides that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect: (i) the delinquent contributions; (ii) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (iii) an amount equal to the greater of (a) the amount of the interest charges on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (iii) reasonable attorneys' fees and costs incurred in collecting the delinquencies. (Pet. 56.1 ¶¶ 15, 20).

In this case, Petitioners requested an audit of Respondent covering the period March 7, 2018, through the present to determine whether Respondent had remitted the proper amount of contributions to the Funds. (Pet. 56.1 ¶ 21). Respondent failed to make its books and records available for Petitioners' requested audit. (*Id.* at ¶ 22). Proceeding under the CBA's arbitration clause, Petitioners initiated an arbitration proceeding before the designated arbitrator, Roger E. Maher (the "Arbitrator"). (*Id.* at ¶ 23). The Arbitrator notified Respondent by regular and certified mail that he would be conducting a hearing on the dispute on January 7, 2021. (*Id.*; *see also* Davidian Decl., Ex. G ("Notice of Hearing")). Respondent did not appear at the hearing. (Arbitrator's Opinion at 1-2). The Arbitrator found Respondent in default and proceeded to hear Petitioners' testimony and evidence. (*Id.* at 1-3).

On January 8, 2021, the Arbitrator issued the Award, finding that Respondent had violated the CBA by refusing to permit the Funds to audit its books and records. (Arbitrator's Opinion at 2). Pursuant to this finding, the Arbitrator ordered Respondent to pay Petitioners $2,900, consisting of: (i) attorneys' fees of $1,500; (ii) an arbitrator's fee of $1,000; and (iii) court costs of $400. (*Id.* at 3). The Arbitrator further ordered Respondent to "produce any and all books and records[,] specifically [the] cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period 3/07/2018 to Date, to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds." (*Id.* at 2).

**B.    Procedural Background**

On April 1, 2021, Petitioners filed this Petition to confirm the Award and recover attorneys' fees and costs arising out of the Petition. (Dkt. #1). The following day, the Court ordered Petitioners to move for confirmation of the Award in the form of a motion for summary judgment, with opening papers due May 3, 2021. (Dkt. #8). The Court ordered Respondent to file its opposition papers by June 2, 2021, and ordered Petitioners to file any reply papers by June 16, 2021. (*Id.*). On April 5, 2021, Petitioners filed an affidavit indicating that the Petition and the Court's April 2, 2021 Order had been served on Respondent by mail that same day. (Dkt. #9). Petitioners filed their summary judgment motion on April 29, 2021 (Dkt. #11-15), and submitted an affidavit to the Court indicating that their motion papers had been served upon

4

Respondent on May 3, 2021 (Dkt. #16).  Respondent has neither filed opposition papers nor appeared in the case.  As such, Petitioners' motion is ripe for the Court's consideration.

## DISCUSSION

### A. The Court Confirms the Arbitration Award

#### 1. Applicable Law

##### a. Confirmation of Arbitration Awards

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process[.]"  *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).  "To encourage and support the use of arbitration by consenting parties," the Court "uses an extremely deferential standard of review for arbitral awards."  *Id.* at 139.  The standard of review is especially deferential in this case, because "[t]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes."  *N.Y. Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997).  As the Second Circuit has observed, "[t]he LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances."  *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Judicial review of an arbitration award under the LMRA is "very limited." *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam). Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (internal quotation marks and alterations omitted).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement' ... it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

6

### b. Motions for Summary Judgment Under Federal Rule of Civil Procedure 56

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *D.H. Blair & Co.*, 462 F.3d at 109-10). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 2. Analysis

The Court finds that the Petition is well-supported by the record, particularly given the deferential LMRA standard. Petitioners have established that Respondent was bound by the CBA, and that the CBA obligated Respondent both to make certain payments to the Funds and to provide the Funds access to its books and records for audits meant to ensure that

Respondent was meeting its payment obligations. (Pet. 56.1 ¶¶ 6-14). Petitioners have also established that Respondent failed to make its books and records available for an audit upon the Funds' request for such access. (*Id.* at ¶ 22). Accordingly, Petitioners pursued arbitration under the terms of the CBA. (*Id.* at ¶ 23).

During the arbitration proceedings, Petitioners submitted evidence of Respondent's refusal to make its books and records available for an audit and further evidence in support of its computation of the amounts due with respect to the attorneys' fees, court costs, and the arbitrator's fee incurred in arbitrating the matter. (Arbitrator's Opinion at 2). Based on this record, the Arbitrator found that the Funds were entitled to $2,900 in fees and costs, and ordered Respondent to produce their books and records to the Funds for an audit of the period from March 7, 2018, to the present. (*Id.* at 2-3).

"Accordingly, there is much more than a 'barely colorable justification for the outcome reached.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Morgan Marine LLC*, No. 17 Civ. 1734 (ER), 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)). The grounds for the Award are readily discernible from the Arbitrator's written decision, and the Award is consistent with the terms of the CBA as well as undisputed testimony. (*See generally* Arbitrator's Opinion). Further, despite being properly served, Respondent did not appear in this case to dispute any of the Arbitrator's findings or any component of the Award. (*See* Pet. 56.1 ¶ 26).

Both the record provided and the deferential standard of review due under the LMRA require the Court to confirm the Award.

### B. The Court Grants Petitioners' Application for Prejudgment and Post-Judgment Interest on the Award

#### 1. Applicable Law

"[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Waterside Ocean Navigation Co.* v. *Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers* v. *United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)) (explaining that there is a presumption towards granting prejudgment interest). Courts in this Circuit have regularly exercised their discretion to grant prejudgment interest "when confirming arbitration awards under collective bargaining agreements pursuant to [Section] 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Modular Sys. Installations, Inc.*, No. 17 Civ. 6467 (GHW), 2017 WL 4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO* v. *Stone Park Assocs.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases)). "Determining the rate of interest to be applied is also within the discretion of the district court." *Stone Park Assocs.*, 326 F. Supp. 2d at 555.

#### 2. Analysis

The Court grants Petitioners' request for prejudgment interest on the Award from the date of its issuance through the date of judgment in this

action. Although neither Petitioners nor the Arbitrator identified the appropriate interest rate applicable in this case, the parties' CBA and the common practice among courts in this District lead the Court to conclude that the appropriate rate is 5.25%. *First*, the parties' CBA provides that the Arbitrator may award interest in certain circumstances at the prime rate of Citibank plus 2%. (Pet. 56.1 ¶ 20). *Second*, this Court and others within this District regularly award prejudgment interest in cases involving similar CBAs at the same prime rate plus 2%. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Biltmore Gen. Contractors, Inc.*, No. 21 Civ. 2317 (PAC), 2021 WL 2660468, at *2 (S.D.N.Y. June 29, 2021); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *C K S Woodworks, Inc.*, No. 20 Civ. 2556 (JPC), 2021 WL 734959, at *3 (S.D.N.Y. Feb. 24, 2021); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *All Flooring Sols., LLC*, No. 19 Civ. 11065 (KPF), 2020 WL 2571042, at *6 (S.D.N.Y. May 21, 2020). As of the date of this Opinion and Order, the prime rate of Citibank is 3.25%. *See* Citi Reduces Base Rate, CITIGROUP, https://www.citigroup.com/citi/news/2020/200316c.htm (last visited October 18, 2021). Accordingly, Petitioners are granted prejudgment interest from the date of the Award through the date of judgment in this action at a rate of 5.25%, resulting in $118 in prejudgment interest.

The Court will also award post-judgment interest at the statutory rate specified by 28 U.S.C. § 1961.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018) (observing that awards of post-judgment interest in actions to confirm arbitration are mandatory).

## C. The Court Grants in Part Petitioners' Application for Attorneys' Fees and Costs

### 1. Applicable Law

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees."  *Id.*

Although Section 301 of the LRMA does not provide for the award of attorneys' fees, two independent bases support such an award here.  *First*, "a contractual provision for the payment of [attorneys'] fees provides a basis to award them."  *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017).  *Second*, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith."  *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012).  A finding of bad faith may be made

11

"when a challenger refuses to abide by an arbitrator's decision without justification[.]'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

To determine an appropriate attorneys' fees award, the Court must assess the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Id.* (internal quotation marks omitted).

In addition to attorneys' fees, the prevailing party may also recover reasonable costs incurred in seeking confirmation of the Award. Courts in this Circuit will "generally grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Metroplex Serv.*

*Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

### 2. Analysis

The CBA and the Funds' Collection Policy provide that the Funds are entitled to recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a "delinquent employer." (Pet. 56.1 ¶ 27). Here, Petitioners seek $2,936.50 in attorneys' fees and $109.40 in costs. (*Id.* at ¶¶ 32-33). Because Respondent agreed to a CBA and Collection Policy that specifically provided for the recovery of fees and costs in these circumstances, but failed to participate in the initial arbitration after receiving notice or oppose Petitioners' application for confirmation of the Award, the Court concludes that Petitioners are entitled to recover their reasonable fees and costs in this case.

In support of their request for attorneys' fees, Petitioners submitted the time records of their counsel, documenting the hours worked and activities performed in support of this action. (*See* Grancio Decl., Ex. I). Petitioners were represented by the law firm of Virginia & Ambinder, LLP ("V&A"). A total of 11.7 hours of work was completed by (i) one V&A partner, Nicole Marimon, who billed at $350 per hour; (ii) one V&A associate, Adrianna R. Grancio, who billed at $275 per hour; and (iii) several legal assistants, who each billed at $120 per hour. (Grancio Decl. ¶¶ 4-6, 8). On review of the time records, the number of hours expended is reasonable and the invoice reflects "sound billing practices." *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6.

Beginning with the hourly rate charged for Ms. Marimon's work in this case, the Court finds that her rate is above the rate ordinarily awarded for similar services in other cases. Ms. Marimon is a 2014 graduate of Fordham Law School and has experience serving as lead counsel for multiemployer employee benefit plans in ERISA litigation. (Grancio Decl. ¶ 5). Over the course of the past two years, she has sought and generally been awarded fees at rates spanning from $275 to $325 per hour by courts in this Circuit, including by this Court. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Manzo*, No. 21 Civ. 504 (LGS), 2021 WL 3082291, at *4 (S.D.N.Y. July 20, 2021) (awarding Ms. Marimon fees at an hourly rate of $275); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *6 (S.D.N.Y. Nov. 19, 2020) (awarding Ms. Marimon fees at an hourly rate of $325); *All Flooring Sols., LLC*, 2020 WL 2571042, at *6 (granting Ms. Marimon's request for attorneys' fees at a rate of $275 per hour); *see also Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds* v. *Excel Installations, LLC*, No. 19 Civ. 3012, 2020 WL 429135 (ERK) (SMG), at *5 (E.D.N.Y. Jan. 27, 2020) (awarding Ms. Marimon attorneys' fees at a rate of $300 per hour "given her position as partner").

Conversely, when Ms. Marimon requested attorneys' fees at a rate of $350 per hour for work performed in 2020, several courts declined to award

14

her that rate. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Galt Installations, LLC*, No. 20 Civ. 2582 (JGK), 2020 WL 6274774, at *3 (S.D.N.Y. Oct. 26, 2020) (finding that $350 per hour was "above the range of fees ordinarily awarded … for similar services in other cases"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Shorecon-NY, Inc.*, No. 17 Civ. 5210 (RA), 2020 WL 3962127, at *5 (S.D.N.Y. July 13, 2020) (reducing Ms. Marimon's rate to $300 per hour for work performed in 2020); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Triangle Enter. NYC, Inc.*, 2020 WL 2306484, at *5 (observing that "Ms. Marimon [had requested] a rate of $275 per hour for work performed only two to three months earlier"); *but see Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *1st Choice Constr. LLC*, No. 20 Civ. 7119 (LTS), 2021 WL 4482278, at *3 (S.D.N.Y. 2021) (awarding Ms. Marimon her requested hourly rate of $350).

After reviewing the cases discussed above, the Court finds, as it has previously, that Ms. Marimon's continued practice and additional experience in this field of legal practice warrant a rate of $325 per hour for her work in this case. *See JB Squared Constr. Corp.*, 2020 WL 6825693, at *6.

Next, the Court finds that the requested rate of $275 per hour for the work performed by V&A associate Adrianna R. Grancio exceeds the appropriate rate for Ms. Grancio's work in this case. Ms. Grancio is a 2014 graduate of St.

John's University School of Law and an associate at V&A. (Grancio Decl. ¶ 4). Courts in the Second Circuit have consistently awarded Ms. Grancio fees at an hourly rate of between $225 and $250. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Piccini MNM, Inc.*, No. 19 Civ. 5258 (RA), 2021 WL 1791591, at *4 (S.D.N.Y. May 5, 2021) (observing that "[o]ther courts in this district have concluded that $225 an hour is an appropriate rate for associates of similar experience in ERISA matters" and reducing Ms. Grancio's rate from a requested $275 per hour to $225 per hour); *Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds* v. *Tiki Indus., Inc.*, No. 19 Civ. 3295 (SJF) (ARL), 2021 WL 242266, at *5-6 (E.D.N.Y. Jan. 25, 2021) (awarding Ms. Grancio fees at a rate of $225 per hour); *Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds* v. *Shelbourne Constr. Corp.*, No. 19 Civ. 2312 (ARR) (PK), 2020 WL 1668041, at *8 (E.D.N.Y. Mar. 5, 2020), *report and recommendation adopted*, No. 19 Civ. 2312 (ARR) (PK), 2020 WL 1666461 (E.D.N.Y. Apr. 3, 2020) (recommending awarding Ms. Grancio fees at a rate of $250 per hour); *Trs. of Plumbers Loc. Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, 401(k) Sav. Plan* v. *Temperini Mech. Inc.*, No. 18 Civ. 2596 (AMD) (LB), 2020 WL 571680, at *4 (E.D.N.Y. Jan. 13, 2020), *report and recommendation adopted sub nom. Trs. of Plumbers Loc. Union No. 1 Welfare Fund* v. *Temperini Mech. Inc.*, No. 18 Civ. 2596 (AMD) (LB), 2020 WL 565410

(E.D.N.Y. Feb. 5, 2020) (recommending that Ms. Grancio be awarded attorneys' fees at a rate of between $250 and $260). Accordingly, the Court finds that the appropriate rate for Ms. Grancio's work in this case is $250 per hour.

Finally, the Court finds the requested rate of $120 per hour for the work performed by V&A legal assistants to be reasonable. Courts in this District have consistently awarded such a rate to legal assistants for similar services. *See Triangle Enter. NYC Inc.*, 2020 WL 2306484, at *6 (awarding fees to legal assistants at a rate of $120 per hour); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Skyeco Grp. LLC*, No. 19 Civ. 7608 (LGS), 2019 WL 6497533, at *3 (S.D.N.Y. Dec. 3, 2019) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M&B Builders Grp. Inc.*, No. 18 Civ. 5074 (GHW), 2018 WL 6067229, at *6 (S.D.N.Y. Nov. 19, 2018) (same). Moreover, courts have awarded fees at an identical rate for V&A legal assistants in confirmation proceedings. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JAS Construction Co., Inc.*, No. 20 Civ. 1001 (RA), 2020 WL 4016841, at *6 (S.D.N.Y. July 16, 2020); *All Flooring Sols., LLC*, 2020 WL 2571042, at *6.

In sum, Petitioners' request for attorneys' fees is granted at the reduced rate of $325 per hour for Ms. Marimon's work, the reduced rate of $250 per hour for Ms. Grancio's work, and at the requested rate of $120 per hour for the

legal assistants' work. Based on the submitted time records, these rates yield a total award of $2,699 in attorneys' fees.

Finally, the Court finds Petitioners' request for $109.40 in costs to be reasonable. This minimal figure excludes the $400 in costs awarded by the Arbitrator, and appears to consist primarily of a service fee. (Grancio Decl., Ex. I at 3). The Court will grant such "reasonable out-of-pocket expenses[.]" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6; *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Jessica Rose Enters. Corp.*, No. 15 Civ. 9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016) (observing that filing and services fees "are standard costs paid in actions brought in this Court").

## CONCLUSION

For the reasons explained above, the Petition is GRANTED. The Clerk of Court is directed to enter judgment in the amount of $5,826.40, consisting of: (i) the arbitration award of $2,900; (ii) $118 in prejudgment interest; (iii) $2,699 in attorneys' fees; and (iv) and $109.40 in costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   October 18, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge